UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HOME POINT FINANCIAL CORPORATION, | ) ) ) | Civil Action No. 1:21-cv-02992-JMS-DLP |
| | | **ELECTRONICALLY FILED** |
| Plaintiff | ) ) | |
| vs. | ) ) | |
| QUIKFUND, INC., | ) ) | |
| Defendant | ) | |

## DEFENDANT QUIKFUND, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant QuikFund, Inc. ("QuikFund"), by and through its undersigned counsel, submitting the following in answer to Plaintiff's Complaint.

### RESPONSE TO STATEMENT OF THE CASE

1.      QuikFund is without knowledge or information sufficient to admit or deny the truth of these allegations and on that basis denies, generally and specifically, each and every allegation in Paragraph 1 of the Complaint.

2.      In response to Paragraph 2 of the Complaint QuikFund admits being in the residential mortgage business and taking appropriate actions consistent therewith.

3.      In response to Paragraph 3 of the Complaint QuikFund admits having sold loans to Plaintiff and entering a Correspondent Agreement, the terms and conditions of which speak for themselves.

4.      In response to Paragraph 4 of the Complaint QuikFund states the allegations are legal conclusions not subject to admission or denial.  To the extent a response is required,

QuikFund is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies, generally and specifically, each and every allegation.

5. In response to Paragraph 5 of the Complaint QuikFund admits having sold a loan to Plaintiff and the existence of the Correspondent Agreement, the terms and conditions of which speak for themselves. QuikFund denies material errors and inaccuracies made by QuikFund.

6. In response to Paragraph 6 of the Complaint QuikFund admits an improper repurchase demand was made by Plaintiff, and denies any obligation to comply with the improper repurchase demand.

7. In response to Paragraph 7 of the Complaint QuikFund denies being the proximate cause of any alleged damage to Plaintiff, and QuikFund is without knowledge or information sufficient to admit or deny Plaintiff's motive for bringing suit, and on that basis denies, generally and specifically, each and every allegation.

## **RESPONSE TO PARTIES**

8. In response to Paragraph 8 of the Complaint QuikFund is without knowledge or information sufficient to admit or deny the truth of these allegations and on that basis denies, generally and specifically, each and every allegation.

9. In response to Paragraph 9 of the Complaint QuikFund is without knowledge or information sufficient to admit or deny the truth of these allegations and on that basis denies, generally and specifically, each and every allegation.

10. In response to Paragraph 10 of the Complaint QuikFund admits the allegation.

## RESPONSE TO JURISDICTION AND VENUE

11.     In response to Paragraph 11 of the Complaint QuikFund states the allegations are legal conclusions not subject to admission or denial.

12.     In response to Paragraph 12 of the Complaint QuikFund states the allegations are legal conclusions not subject to admission or denial.

13.     In response to Paragraph 13 of the Complaint QuikFund states the allegations are legal conclusions not subject to admission or denial.  However, QuikFund denies that the controversy exceeds $75,000.00 even assuming *arguendo* that any liability exists.

14.     In response to Paragraph 14 of the Complaint QuikFund states the allegations are legal conclusions not subject to admission or denial.

## RESPONSE TO STATEMENT OF FACTS

15.     In response to Paragraph 15 of the Complaint QuikFund admits having sold loans to Plaintiff and entering a Correspondent Agreement, the terms and conditions of which speak for themselves.

16.     In response to Paragraph 16 of the Complaint QuikFund states the allegations are legal conclusions not subject to admission or denial.

17.     In response to Paragraph 17 of the Complaint QuikFund states the allegations are legal conclusions not subject to admission or denial.

18.     In response to Paragraph 18 of the Complaint QuikFund states the allegations are legal conclusions not subject to admission or denial.

19.     In response to Paragraph 19 of the Complaint QuikFund states the allegations are legal conclusions not subject to admission or denial.

20.     In response to Paragraph 20 of the Complaint QuikFund states the allegations are legal conclusions not subject to admission or denial.

21.     In response to Paragraph 21 of the Complaint QuikFund states the allegations are legal conclusions not subject to admission or denial.

22.     In response to Paragraph 22 of the Complaint QuikFund states the allegations are legal conclusions not subject to admission or denial.

23.     In response to Paragraph 23 of the Complaint QuikFund admits having sold loans to Plaintiff and entering a Correspondent Agreement, the terms and conditions of which speak for themselves.

24.     In response to Paragraph 24 of the Complaint QuikFund denies material errors and inaccuracies made by QuikFund.

25.     In response to Paragraph 25 of the Complaint QuikFund denies material errors and inaccuracies made by QuikFund.

26.     In response to Paragraph 26 of the Complaint QuikFund denies the allegation.

27.     In response to Paragraph 27 of the Complaint QuikFund admits an improper demand was made by Plaintiff and denies any obligation to comply with the improper demand.

28.     In response to Paragraph 28 of the Complaint QuikFund admits an improper demand was made by Plaintiff, and denies any obligation to comply with the improper demand.

29.     In response to Paragraph 29 of the Complaint QuikFund denies the allegation.

30.     In response to Paragraph 30 of the Complaint QuikFund denies the allegation.

## RESPONSE TO BREACH OF CONTRACT

31. In response to Paragraph 1 through 30 of the Complaint QuikFund repeats, reiterates and reasserts each of its prior responses to each of these paragraphs as if set forth at length herein.

32. In response to Paragraph 32 of the Complaint QuikFund denies the allegation.

33. In response to Paragraph 33 of the Complaint QuikFund denies the allegation.

34. Any allegations in the Complaint not specifically addressed above are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint herein, and the cause of action thereof, fail to set forth facts sufficient to state a claim upon which relief may be granted against QuikFund and further fail to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from QuikFund.

### SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

Specific claims against QuikFund are barred because information QuikFund communicated to Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
### (Indemnification)

QuikFund is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom QuikFund had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate its damages.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction)

Plaintiff's alleged damages are actually far below the jurisdictional limit of this Court.

### SIXTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Fault)

QuikFund is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by QuikFund.

### SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Any damages which Plaintiff may have suffered, which QuikFund continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint and each claim for relief therein that seeks equitable relief are barred by the Doctrine of Unclean Hands.

## NINTH AFFIRMATIVE DEFENSE
### (Independent Intervening Cause)

QuikFund is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of QuikFund was not a proximate cause of the alleged injuries.

## TENTH AFFIRMATIVE DEFENSE
### (Contractual Limitations)

At all times material to this action, Plaintiff failed to meet the conditions precedent in the subject agreements, expressed and implied, which would have otherwise been anticipated and expected of an ordinary party. Such failures by Plaintiff were the sole, proximate and legal cause of Plaintiff's alleged injuries and damages, if any, thereby barring Plaintiff from recovery herein.

Additionally, any claim of damages by Plaintiff is limited to the agreement(s) between the parties.

## ADDITIONAL DEFENSES

QuikFund reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant, QuikFund Inc., prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just, equitable and proper.

Respectfully Submitted,

*/s/ Gene F. Zipperle, Jr.*
GENE F. ZIPPERLE, JR. (IN Bar No. 14696-10)
WARD, HOCKER & THORNTON, PLLC
Hurstbourne Place, Suite 700
9300 Shelbyville Road
Louisville, Kentucky 40222
(502) 583-7012
(502) 583-7018 (Fax)
GZipperle@whtlaw.com
*Counsel for Defendant QuikFund Inc.*

## CERTIFICATE

I hereby certify that on the 1st day of February, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF System, and the foregoing document was served electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in the case by electronic mail including:

Corey J. Dunn (IN Bar No. 34571-22)
STITES & HARBISON, PLLC
400 W. Market Street, Suite 1800
Louisville, KY 40202
(502) 779-5800
cdunn@stites.com
*Counsel for Plaintiff*

*/s/ Gene F. Zipperle, Jr.*
GENE F. ZIPPERLE, JR.
*Counsel for Defendant QuikFund Inc.*